**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Safeco Insurance Company of America,<br><br>     Plaintiff,<br><br>vs.<br><br>Ronel McKie, et al.,<br><br>     Defendants. | No. CV-23-01866-PHX-SPL<br><br>**ORDER** |

  Before the Court is Plaintiff's Motion for Default Judgment, in which it asks the Court to enter a default judgment against Defendants Ronel McKie, Kazik McKie, Kurt McKie, Waverly Lunsford, and Zahnijah Russell (collectively, "Defaulted Defendants"). (Doc. 56). For the following reasons, the Motion is granted.

**I. BACKGROUND**

  Plaintiff is an insurance company that insured a vehicle driven by Defendant Kurt McKie, who allegedly caused a car accident involving multiple other Defendants on July 8, 2023. (Doc. 56 at 2). The vehicle belonged to Defendant Kazik McKie, and the insurance policy was issued to Defendants Kazik McKie and Ronel McKie. (*Id.*; Doc. 1 at 3). Defendants Waverly Lunsford and Zahnijah Russell were passengers in the vehicle at the time of the accident. (Doc. 56 at 2).

  The policy provided bodily injury liability coverage with limits of $25,000 per person and $50,000 per accident and underinsured motorist coverage with limits of $25,000 per person and $50,000 per accident. (Doc. 56 at 2–3). The policy was effective on the date of the accident, and Plaintiff recognized its duty to defend and indemnify Defendants Kazik

McKie, Kurt McKie, and Ronel McKie for lawsuits and damages related to the accident, subject to the policy's terms, conditions, and limits. (*Id.* at 3). Plaintiff alleges that various potential claimants have made demands that indicate the policy coverage "will not be sufficient to settle the existing claims for full value." (*Id.*). Additionally, because other Defendants may have conflicting claims to the coverage, Plaintiff alleges that it faces uncertainty and potential prejudice regarding the proper recipients, amounts, and claims under the policy. (*Id.*). Thus, on September 5, 2023, Plaintiff filed its Complaint in Interpleader pursuant to Fed. R. Civ. P. 22 to resolve potential competing claims for payment of the insurance policy. (Doc. 1).

Two defendants—Defendants Jerry Rodriguez and Valleywise Health Medical Center—have already settled their claims with Plaintiff and been dismissed from this action. (Docs. 52, 54). Despite being duly served with the Summons and Interpleader Complaint, the Defaulted Defendants failed to appear to in this action. (Doc. 56 at 4–5). The Clerk of Court entered default against Defendants Ronel McKie, Kazik McKie, and Kurt McKie on February 5, 2024 (Doc. 36), and against Defendants Waverly Lunsford and Zahnijah Russell on September 5, 2024. (Doc. 50). On October 4, 2024, Plaintiff filed the present Motion for Entry of Default against the Defaulted Defendants. (Doc. 56).

**II. DISCUSSION**

    **a. Subject Matter Jurisdiction, Personal Jurisdiction, and Service**

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). A court has a similar duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV 07-0589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis

2

for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (citing *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)).

The Court has jurisdiction over the subject matter. Pursuant to 28 U.S.C. § 1332(a)(1), a district court may exercise subject-matter jurisdiction in interpleader actions brought under Fed. R. Civ. P. 22(a)(1) if there is complete diversity of citizenship between the plaintiff-stakeholders and the defendant-claimants and the amount in controversy exceeds $75,000. *See CMFG Life Ins. Co. v. Smith*, No. CV 13-261 ABC (CWX), 2014 WL 12585794, at *1 (C.D. Cal. Mar. 3, 2014); *see also Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1008 (9th Cir. 2012) ("For interpleader under [R]ule 22(1) predicated on diversity jurisdiction, there must be diversity between the stakeholder on one hand and the claimants on the other.") (citation and quotation omitted).

Here, Plaintiff and Defendants are citizens of different states. Plaintiff is a Massachusetts corporation with its principal place of business in New Hampshire. (Doc. 1 at 1); *see Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."). Defendants Ronel McKie, Kazik McKie, Kurt McKie, and Zahnijah Russell were, at all relevant times, residents of Maricopa County, Arizona, and Defendant Waverly Lunsford was, at all relevant times, a resident of South Boston, Virginia. (Doc. 1 at 1–2). Moreover, Plaintiff has plead that the amount in controversy is at least $150,000. (*Id.* at 5). Accordingly, the Court has subject-matter jurisdiction.

Further, the Court has personal jurisdiction over Defendants Ronel McKie, Kazik McKie, Kurt McKie, and Zahnijah Russell because they are citizens of Arizona and were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) (noting that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory"); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (noting that a federal court

lacks personal jurisdiction over defendant unless defendant properly served). Plaintiff served Defendants Ronel McKie, Kazik McKie, and Kurt McKie by personal service. (Docs. 56-1; 56-2; 56-3). On February 1, 2024, Plaintiff filed a Motion for Alternative Service after multiple unsuccessful attempts to locate and serve Defendants Zahnijah and Lunsford. (Doc. 32). The Court granted Plaintiff's Motion, and Plaintiff properly served Defendant Zahnijah Russell by publication. *See* (Docs. 41, 42).

Additionally, the Court has personal jurisdiction over Defendant Waverly Lunsford. Courts may exercise specific personal jurisdiction over non-resident defendants for claims arising out of the defendant's activity in the forum state if the exercise of jurisdiction comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). As the case arises out of a car accident that Defendant Lunsford was involved in that occurred in Arizona and one of Defendant Lunsford's last known addresses was in Arizona, the Court finds that exercise of personal jurisdiction does not offend traditional notions of fair play and justice. *See* (Doc. 41 at 3 n.1). The Court also finds that Defendant Lunsford was properly served by publication after the Court granted Plaintiff's Motion for Alternative Service. *See* (Docs. 41, 42).

### b. Default Judgment Analysis: *Eitel* Factors

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United*

*Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

      i. <u>First, Fifth, Sixth, and Seventh *Eitel* Factors</u>

In a case such as this, where the defendants have failed to meaningfully participate in the litigation, the first, fifth, sixth, and seventh factors generally favor the plaintiff. *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been served in November 2023 and May 2024. (Doc. 56 at 4). If Plaintiff's Motion is denied, then Plaintiff will be prejudiced "because it would be denied the benefits of the interpleader process, which is intended to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Texas Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2023 WL 4746123, at *2 (D. Ariz. July 25, 2023) (citation and internal quotation marks omitted).

The fifth and sixth factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that no genuine dispute of material facts would preclude granting the Motion. And because Defendants were properly served and have never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See Zekelman*, 2020 WL 1495210, at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of FRCP 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citation omitted). Moreover, Defendants' unexplained absence at this juncture of the case makes it impractical, if not

impossible, to decide on the merits. *See id.* Thus, the Court is not precluded from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 (citation omitted) ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court.").

## ii. Second, Third, and Fourth *Eitel* Factors

The second and third factors—the merits of the claims and the sufficiency of the Complaint—weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Zekelman*, 2020 WL 1495210, at *5 (citation omitted).

An interpleader action allows a stakeholder to (1) protect itself from problems posed by multiple claimants to a single fund and (2) limit litigation expenses. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (citations omitted). Plaintiff asserts that because multiple parties could have claims to the insurance proceeds, it cannot determine "which claims it may safely pay." (Doc. 56 at 3). Indeed, exposure to multiple adverse claims for the proceeds of an automobile accident insurance policy is a type of action for which interpleader is appropriate. *See Texas Ins. Co.*, 2023 WL 4746123, at *2 (finding interpleader appropriate where multiple competing claims exceeded automobile insurance policy's limit of liability). Thus, the Court finds that Plaintiff has properly stated a claim for interpleader. Accordingly, the second and third factors weigh in favor of the entry of default judgment.

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at

1177. This factor is "neutral in interpleader actions because the plaintiff-in-interpleader is not seeking damages." *Texas Ins. Co.*, 2023 WL 4746123, at *2; *see also Am. Gen. Life Ins. Co. v. Durbin*, No. CV 15-4137 FMO (EX), 2016 WL 3583826, at *4 (C.D. Cal. June 10, 2016) (same).

### c. Relief Sought

Plaintiff seeks to enjoin the Defaulted Defendants from making future claims against Plaintiff or Defendants Ronel, Kazik, and Kurt McKie, whom Plaintiff has a duty to defend, arising out of the car accident or the insurance policy at issue in this action. (Doc. 56 at 6). Because Plaintiff has brought a Rule 22 interpleader action, the Court must determine the propriety of a restraining order by looking "to the standards of 28 U.S.C. § 2283, and [Rule] 65, and not to those of statutory interpleader, 28 U.S.C. § 2361." *Metro. Life Ins. Co. v. Probst*, No. CV-09-8180-PCT-DGC, 2009 WL 3740775, at *1 (D. Ariz. Nov. 6, 2009) (citations and quotations omitted). Section 2283 provides that a federal court may stay proceedings in a state court only where "expressly authorized by Act of Congress, or where necessary in aid of its judgment, or to protect or effectuate its judgment." 28 U.S.C. § 2283. Under Rule 65, a court may grant injunctive relief only where the plaintiff shows that it is likely to suffer irreparable harm in the absence of preliminary relief. Fed. R. Civ. P. 65(b); *see Winter v. NRDC*, 555 U.S. 7, 21 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir.2009). "This standard is usually met, however, where there is a likelihood of costly and judicially wasteful relitigation of claims and issues that were already adjudicated in federal court." *Trustees of IL WU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009)

Here, Plaintiff has shown that an injunction is necessary to avoid potential relitigation of the claims and issues involved in this interpleader action. As Plaintiff has shown that two of the Defaulted Defendants—Defendants Lunsford and Russell—previously retained counsel and "made several settlement demands" to Plaintiff before failing to appear in this action (Doc. 32 at 2), there is an actual threat of future relitigation that could jeopardize Plaintiff's ability to properly apportion the policy amongst the

claimants and subject Plaintiff to multiple inconsistent judgments. *See* (Doc. 56 at 4); *see also Life Ins. Co. of N. Am. v. Thorngren*, No. CV-04-464-S-BLW, 2005 WL 2387596, at *4 (D. Idaho Sept. 27, 2005) ("[T]he court may restrain a party from filing a duplicative action only when there is an actual threat to either the stakeholder or the proceedings currently before the court."). To that end, relitigation of the claims would also defeat the purpose of Plaintiff's interpleader action. *Peters*, 660 F. Supp. 2d at 1145. All told, the Court finds that an injunction should be entered prohibiting Defaulted Defendants from initiating any action in state or federal court asserting a claim to the insurance policy in this action.

### III.  CONCLUSION

Because the Court has subject matter jurisdiction over this action and personal jurisdiction over the parties, and the application of the *Eitel* factors weighs in favor of the entry of default judgment, the Court will exercise its discretion to grant the Motion for Default Judgment against Defendants Ronel McKie, Kazik McKie, Kurt McKie, Waverly Lunsford, and Zahnijah Russell.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 56) against Defendants Ronel McKie, Kazik McKie, Kurt McKie, Waverly Lunsford, and Zahnijah Russell is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment permanently enjoining Defendants Ronel McKie, Kazik McKie, Kurt McKie, Waverly Lunsford, and Zahnijah Russell from initiating any proceedings against Safeco Insurance Company of America or Defendants Ronel McKie, Kazik McKie, or Kurt McKie in connection with the automobile accident or insurance policy at issue in this interpleader action.

///

///

///

Dated this 25th day of October, 2024.

Honorable Steven P. Logan
United States District Judge